IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AMY HEDTKE, TJ FABBY, MONICA NYENHUIS, | § § § § | |
| Plaintiffs, | § § | Civil Action No. 18-1779-M |
| v. | § § | |
| CITY OF WAXAHACHIE, WAXAHACHIE INDEPENDENT SCHOOL DISTRICT, MATT AUTHIER, DUSTY AUTREY, JUDD MCCUTCHEN, GARY FOX, JOE LANGLEY, CLAY SCHOOLFIELD, AND JAMES VILLARREAL IN THEIR INDIVIDUAL CAPACITIES, | § § § § § § § § § § | |
| Defendants. | § § | |

## JOINT REPORT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiffs Amy Hedtke, TJ Fabby, Monica Nyenhuis (Plaintiffs) and Defendants City of Waxahachie, Waxahachie Independent School District (Waxahachie ISD or the District), Matt Authier, Dusty Autrey, Judd McCutchen, Gary Fox, Joe Langley, Clay Schoolfield, and James Villarreal (collectively the Parties) submit this Joint Report in accordance with the Court's order dated July 11, 2018 (Dkt. 4), and, in support thereof, respectfully would show the Court as follows:

1. **Brief statement of the claims and defenses;**

    a. <u>Plaintiffs' Claims</u>

    Plaintiffs contend that the individual defendants passed a resolution that impermissibly restricted electioneering on WISD property and violated the Election Code during early voting;

such restriction , which constituted an impermissible facial and as-applied restriction on the plaintiffs' right to free speech, seeking to interfere with individuals working against a current WISD bond package. Waxahachie police enforced the unconstitutional resolution and other unnamed individuals helped to enforce the unconstitutional resolution.

Plaintiffs seek damages for the unconstitutional infringement, contest the election and seek to set it aside, and attorney fees.

    b.    <u>The District Defendants' Claims and Defenses</u>

Waxahachie ISD, Matt Authier, Dusty Autrey, Judd McCutchen, Gary Fox, Joe Langley, Clay Schoolfield, and James Villarreal (the District Defendants) deny any and all wrongdoing. Specifically, the District Defendants believe the Resolution passed by the Board of Trustees for Waxahachie ISD passes constitutional muster both facially and as applied to Plaintiffs. The District Defendants also deny that Plaintiffs' First Amendment rights were violated in way by the District Defendants. Furthermore, the bond election held on May 5, 2018, complied with all relevant laws and was not adversely affected by any illegal or impermissible conduct.

    c.    <u>The City Waxahachie's Claims and Defenses</u>

Defendant City of Waxahachie denies Plaintiffs' allegations and believes that Plaintiffs' claims are without merit, and believes that its actions were legal and valid and did not violate Plaintiffs' rights. Defendant further asserts the following specific denials and affirmative defenses:

i. Defendant affirmatively pleads and invokes all statutory and common law damage caps with respect to Plaintiffs' alleged damages.

ii. Plaintiffs' claims are barred by the doctrines of sovereign and governmental immunity.

iii. Defendant is a governmental entity within the State of Texas and, as such, is fully entitled to assert all privileges and immunities conferred upon all governmental entities and does,

   in fact, at this time assert its right to all governmental privileges and immunities applicable to governmental entities within the State of Texas.

  iv. Defendant pleads sovereign immunity and that this immunity is not abrogated by the Texas Tort Claims Act and that its liability, if any, is limited under the provisions of Chapter 101 of the Texas Civil Practices & Remedies Code, and affirmatively pleads these exemptions from liability as to any and all of Plaintiffs' claims.

**2. Proposed time limit to file motions for leave to join other parties;**

  September 28, 2018

**3. Proposed time limit to amend the pleadings;**

  September 28, 2018

**4. Proposed time limits to file various types of motions, including dispositive motions;**

  May 3, 2019

**5. A proposed time limit for initial designation of experts;**

  February 15, 2019

**6. A proposed time limit for responsive designation of experts;**

  March 15, 2019

**7. A proposed time limit for objections to experts (i.e. Daubert and similar motions);**

  April 15, 2019

**8. A proposed plan and schedule for discovery, a statement of the subjects on which discovery may be needed, a time limit to complete factual discovery and expert discovery, and a statement of whether discovery should be conducted in phases or limited to or focused upon particular issues;**

 The Parties anticipate engaging in discovery regarding all non-privileged matters relevant to Plaintiffs' claims and Defendants' defenses. The parties anticipate conducting both oral and

written discovery. The Parties do not believe that discovery should be conducted in phases or limited to or focused upon particular issues. The proposed discovery deadline is April 15, 2019.

9. **What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed;**

The Parties see no need for limitations on discovery except for those limitations already imposed by the Federal Rules of Civil Procedure.

10. **Proposed means for disclosure or discovery of electronically stored information ("ESI") and a statement of any disputes regarding the disclosure or discovery of ESI;**

At this time, the Parties are not aware of any dispute concerning the disclosure or discovery of ESI. Should a dispute arise, the Parties will attempt to resolve it before turning to the Court for guidance or determination. The Parties have agreed that ESI will be subject to any protective order entered by the Court. The Parties have agreed that they will produce responsive data either via optical disk (CD, DVD) or other appropriate digital storage device (*e.g.*, hard disk, flash drive), OneHub, or in other format agreed upon by the Parties. The Parties have agreed to produce responsive documents in multi-page, PDF format, with metadata as appropriate.

11. **Any proposals regarding the handling and protection of privileged or trial preparation material that should be reflected in a Court Order;**

At this time, the Parties are not aware of any dispute concerning claims of privilege or preserving discoverable information. The Parties agree that if a privileged or protected document is inadvertently disclosed, that the party receiving the inadvertently disclosed document will promptly return and/or destroy the inadvertently disclosed document upon notice and request from the disclosing party. The Parties agree that the inadvertent disclosure of a privileged or protected document does not waive the document's privileged or protected nature. The Parties agree that if either Plaintiff or Defendant requests a protective order, that the Parties will work together to draft the protective order and present it to the Court for consideration.

12. **A proposed trial date, estimated number of days required for trial and whether jury has been demanded;**

The Parties propose a trial date of September 9, 2019. The Parties currently anticipate that they will need three (3) days for trial. A jury trial has not been demanded.

Counsel for Defendant, Meredith Prykryl Walker, is currently set for trial on 4-week dockets on February 4, 2019, April 1, 2019, and August 5, 2019, and is set for trial the week of May 13, 2019. In addition, Ms. Walker will be out of the country June 25, 2019, through July 7, 2019.

13. **A proposed date for further settlement negotiations;**

Counsel for the Parties are in the midst of settlement negotiations. Plaintiffs have submitted a settlement offer to Defendants, which Defendants are currently considering. The Board of Trustees for Defendant Waxahachie ISD intends to discuss Plaintiffs' offer at its regularly scheduled Board Meeting on August 6, 2018. The Parties proposed date for further settlement negotiations is February 1, 2019.

14. **Objections to Fed. R. Civ. P. 26(a)(1) asserted at the Scheduling Conference, and other proposed modifications to the timing, form or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made;**

The Parties do not have any objections or modifications to the timing, form, or requirement for disclosures under Rule 26(a). The Parties will make initial disclosures on or before September 28, 2018.

15. **Whether the parties will consent to trial (jury or non-jury) before U.S. Magistrate Judge Irma C. Ramirez;**

The Parties do not consent at this time to a trial before U.S. Magistrate Judge Irma C. Ramirez.

16. **Whether the parties are considering mediation or arbitration to resolve this litigation and a statement of when it would be most effective (e.g., before discovery, after limited**

> discovery, after motions are filed, etc.), and, if mediation is proposed, the name of any mediator the parties jointly recommend to mediate the case;

As noted above, the Parties currently are engaged in settlement negotiations. If the Parties are unable to resolve their differences at the outset of the litigation, the Parties are not opposed to mediating this matter after the Parties have engaged in initial discovery. At the point in time at which the Parties believe mediation will be productive, they will agree to a mediator and jointly schedule mediation.

**17.     Any other proposals regarding scheduling and discovery that the parties believe will facilitate expeditious and orderly preparation for trial;**

None at this time.

**18.     Whether a conference with the Court is desired;**

The Parties request a conference with the Court to discuss the issue of severing and remanding Plaintiffs' Election Contest claim.

**19.     Any other matters relevant to the status and disposition of this case, including any other Orders that should be entered by the Court under R. 16(b) and (c) and 26(c);**

With respect to Plaintiffs' Election Contest, a related case filed in the 40th Judicial District Court for Ellis County, Texas is currently set for final trial on August 13, 2018 at 10:00 a.m. The trial in the related case styled, *Ex Parte Waxahachie ISD*, Cause No. 98833, will fully and finally determine all issues of fact and law relevant to Plaintiffs' Election Contest. The Parties are therefore interested in discussing the issue of severing and remanding Plaintiffs' Election Contest claim at a conference with the Court.

        Respectfully submitted,

        By:   /s/ Meredith Prykryl Walker
             Meredith Prykryl Walker

    State Bar No. 24056487
    Laura Rodriguez McLean
    State Bar No. 24007937
    Seth R. Lightfoot
    State Bar No. 20493625

WALSH GALLEGOS TREVIÑO RUSSO & KYLE P.C.
105 Decker Court, Suite 600
Irving, Texas 75062
214.574.8800
214.574.8801 (facsimile)
mwalker@wabsa.com
lmclean@wabsa.com
slightfoot@wabsa.com
**ATTORNEYS FOR DEFENDANTS WAXAHACHIE ISD, MATT AUTHIER, DUSTY AUTREY, JUDD MCCUTCHEN, GARY FOX, JOE LANGLEY, CLAY SCHOOLFIELD, AND JAMES VILLARREAL**


/s/ D. Randall Montgomery
D. Randall Montgomery
State Bar No. 14289700
Rmontgomery@drmlawyers.com
Alyssa M. Barreneche
State Bar No. 24040607
abarreneche@drmlawyers.com
**D. RANDALL MONTGOMERY & ASSOCIATES, P.L.L.C.**
12400 Coit Road, Suite 560
Dallas, Texas 75251
(214) 292-2600
(469) 568-9323 (Facsimile)
**ATTORNEYS FOR DEFENDANT CITY OF WAXAHACHIE, TEXAS**


/s/ Warren V. Norred
Warren V. Norred
State Bar No. 24045094

Norred Law, PLLC
515 East Border Street
Arlington, TX 76010
Tel. (817) 704-3984
Fax (817) 524-6686
wnorred@norredlaw.com
**ATTORNEY FOR PLAINTIFFS AMY HEDTKE, TJ FABBY, AND MONICA NYENHUIS**

## CERTIFICATE OF SERVICE

On August 1, 2018, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

Warren Norred
State Bar No.  24045094
Norred Law, PLLC
515 East Border Street
Arlington, Texas  76010
Ph: (817) 704-3984
Fax: (817) 524-6686
Email: wnorred@norredlaw.com


D. Randall Montgomery
State Bar No. 14289700
Rmontgomery@drmlawyers.com
Alyssa M. Barreneche
State Bar No. 24040607
abarreneche@drmlawyers.com
D. Randall Montgomery & Associates
12400 Coit Road, Suite 500
Dallas, Texas  75251
Ph: (214) 292-2600
Fax: (469) 568-9323


/s/ Meredith Prykryl Walker
Meredith Prykryl Walker